

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 1 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BRUCE WESTIN,<br><br>    Petitioner,<br><br>    v.<br><br>KAMALA D. HARRIS., et al.,<br><br>    Respondents. | Case No. CV 11-10651-MLG<br><br>MEMORANDUM OPINION AND ORDER<br>DISMISSING PETITION FOR WRIT OF<br>HABEAS CORPUS |

## I.    Background

On December 23, 2011, Petitioner filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record shows that on February 2, 2007, Petitioner was found guilty by a Los Angeles County Superior Court jury of felony vandalism, causing damage in excess of $400.00 (Cal. Penal Code § 594(a)). (Lodgment B at 18.) On September 19, 2007, imposition of sentence was suspended and Petitioner was placed on formal probation for five years with the following conditions: 362 days in the Los Angeles County Jail, with total credit for 242 days actual custody and 120 days of good time,

fines, and an unspecified amount of restitution to the victim. (Id. at 24-28.) On October 26, 2007, the trial court held a restitution hearing and ordered Petitioner to make restitution to the victim in the amount of $94,547.48. (Id. at 31-32.)

### A.   Challenges to the Underlying Conviction

Petitioner timely appealed the underlying judgment to the California Court of Appeal, alleging that the trial court erred in failing to conduct a hearing pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970).[1] (Lodgment D.) On August 18, 2008, the court of appeal affirmed the judgment. (Lodgment D at 128-132.)

On December 11, 2007, while his direct appeal was still pending, Petitioner filed a petition for writ of habeas corpus in the court of appeal, alleging that the trial court had violated his rights by delaying imposition of sentence for 7 months. (Lodgment F.) On February 21, 2008, the court of appeal denied the petition with a citation to *People v. Duvall*, 9 Cal.4th 464, 474-75 (1995).[2] (Id. at 162.)

On August 26, 2008, Petitioner filed a petition for review in the California Supreme Court, raising only the *Marsden* claim. (Lodgment E.) On October 22, 2008, the petition for review was summarily denied. (Id. at 154.)

//
//

---

[1] Under *Marsden*, a trial court must make an inquiry when a defendant seeks to discharge his counsel and asserts inadequate representation. *Marsden*, 2 Cal. 3d at 123-24.

[2] Denials based upon *Duvall* indicate that a petitioner has failed to comply with the requirement that he "allege with sufficient particularity the facts warranting habeas relief." *Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005).

**B.   Challenges to the Restitution Order**

On December 10, 2007, Petitioner filed a separate notice of appeal from the restitution order entered on October 26, 2007.[3] (Lodgment G.) On September 30, 2008, the restitution order was affirmed by the court of appeal. (Id. at 204-07.)

On March 28, 2008, while his direct appeal of the restitution order was pending, Petitioner filed a habeas corpus petition in the court of appeal, contesting the amount of the restitution. (Lodgment I.) On April 10, 2008, the court of appeal denied the habeas petition because Petitioner was represented by counsel on direct appeal from the order. (Id. at 247.)

On October 3, 2008, Petitioner filed a petition for review in the California Supreme Court of the court of appeal decision affirming the restitution order. (Lodgment H.) On December 10, 2008, the petition for review was summarily denied. (Id. at 224.)

On November 12, 2008, Petitioner filed a request in the trial court for modification of the restitution order, which was denied. On December 26, 2008, Petitioner filed a notice of appeal from the order denying his motion to modify the restitution order. (Lodgment B at 33.) Appointed counsel found no issues to raise on appeal and asked the court of appeal to independently review the record for arguable issues. *See People v. Wende*, 25 Cal. 3d 436 (1979)(Lodgment K at 270-78.) On June 23, 2009, the court of appeal affirmed the trial court's denial of the motion to modify the restitution order. (Id. at 279-80.)

---

[3] Under Cal. Penal Code § 1237(b), a separate appeal may be taken from any order made after judgment, affecting the substantial rights of the party.

On September 11, 2009, Petitioner filed yet another request to modify the restitution order. (Lodgment L at 294.) On October 9, 2009, the trial court denied that motion.

Petitioner filed a notice of appeal from the trial court's most recent order denying modification of the restitution order. Appointed counsel again found no issues to raise on appeal and asked the court of appeal to independently review the record for arguable issues. (Lodgment L at 286-87.) Petitioner filed his own supplemental brief as well. (Id. at 291-92.) On April 6, 2010, the court of appeal affirmed the order denying the motion to modify the restitution order. (Id. at 293-95.)

On November 17, 2009, Petitioner filed a petition for writ of mandate in the court of appeal, contesting the trial court's October 9, 2009 order. (Lodgment M.) The petition for writ of mandate was denied on November 25, 2009. (Id. at 302.)

On November 24, 2009, Petitioner filed a petition for writ of mandamus in the court of appeal. The petition alleged that Petitioner had attempted to calendar a hearing on November 13, 2009 for a motion to modify restitution and the judge refused to permit a formal hearing on Petitioner's motion.[4] (Lodgment N at 304.) The petition for writ of mandamus was denied on November 30, 2009. (Id. at 314.)

On December 8, 2009, Petitioner filed a third petition for writ of mandamus in the court of appeal. (Lodgment O at 315-330.) The petition for writ of mandamus was denied on December 18, 2009. (Id. at 331.)

---

[4] While not clear, it may be that Petitioner was designated a vexatious litigant, requiring explicit approval to file new cases.

4

C.   **Challenges to Probation and Conditions**

On June 18, 2008, the trial court denied Petitioner's motion to terminate probation but modified his travel restrictions. (Lodgment B at 34-37.) On July 1, 2008, Petitioner filed a notice of appeal from that order. (Lodgment J at 248-68.) On April 10, 2009, the court of appeal remanded the matter to the trial court to correct the minute order regarding travel. (Id. at 266-68.)

D.   **2011 Probation Violation Proceedings**

On February 24, 2011, Petitioner was arrested and charged with violating California Health & Safety Code § 11550, using or being under the influence of a controlled substance, a misdemeanor. (Lodgment C at 76.) On July 19, 2011, Petitioner was found to be in violation of probation. Probation was continued on the same terms and conditions except for the modification that Petitioner was to serve an additional 45 days in the county jail. (Lodgment B at 65-68.)

E.   **Proceedings in this Court**

On April 21, 2010, Petitioner filed his first habeas corpus petition in this Court, *Westin v. The People*, Case No. CV 10-02993-JHN (MLG), claiming that material evidence had been withheld from the defense before and during trial, and requesting that the Court order the superior court to permit Petitioner to file and calendar hearings. On June 15, 2010, this petition was dismissed without prejudice because of Petitioner's failure to prosecute.

As noted, the instant petition was filed in this Court on December 23, 2011, raising the same two claims as in Petitioner's first federal habeas corpus petition. On February 17, 2012, Respondent filed a motion to dismiss, arguing that the petition is both untimely and unexhausted. Petitioner filed an opposition on

March 6, 2012. Because it is clear that Petitioner has failed to exhaust the two claims for relief presented in this petition, the petition shall be dismissed without prejudice.[5]

## II.  Analysis

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies as to all of the claims in the petition. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Hayes v. Kincheloe*, 784 F.2d 1434, 1437 (9th Cir. 1986) (citing *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979)). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983); *see also Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006). Each federal constitutional claim must be presented to the state supreme court even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667-68 (9th Cir. 2005). Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus demonstrating respect for our dual judicial system while also providing a complete record of a petitioner's federal claim as litigated in the state system. *Rose*, 455 U.S. at 518-19.

The exhaustion doctrine requires a petitioner to provide the state courts with one full opportunity to rule on his federal habeas

---

[5] Because the petition is clearly unexhausted, the Court will not address the timeliness issue.

claims before presenting those claims to the federal courts. *O'Sullivan*, 526 U.S. at 844-45; *Insyxiengmay*, 403 F.3d at 667.  A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Reynoso*, 462 F.3d at 1109; *Insyxiengmay*, 403 F.3d at 668. The petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal constitution or statutes, or by citing to federal case law. *Insyxiengmay*, 403 F.3d at 668.

Here, Petitioner has not exhausted the claims for relief in his petition in the California Supreme Court, by way of direct review or a petition for post-conviction relief. Petitioner asserts that this is because the superior court has restricted his filing of pleadings, but this argument is meritless. Petitioner has filed two petitions for review and several habeas corpus petitions in the California Supreme Court, none of which have raised the issues regarding the suppression of favorable evidence or the denial of the right to calendar post-judgment hearings. The restrictions placed on Petitioner by the superior court cannot be said to have prevented Petitioner from exhausting these claims for relief.

Accordingly, dismissal of this petition without prejudice for failure to exhaust state remedies is required.

## III.   A Stay of Proceedings Is Not Warranted

Although Petitioner has not requested a stay of proceedings, one is not warranted under these circumstances. Under certain circumstances, the Court may stay an unexhausted petition and hold

it in abeyance pending completion of proceedings in the state courts. *Rhines v. Weber,* 544 U.S. 269 (2005); *King v. Ryan,* 564 F.3d 1133 (9th Cir. 2009); *Kelly v. Small,* 315 F.3d 1063 (9th Cir. 2002). The Supreme Court has limited the availability of this procedure, finding "stay-and-abey" appropriate only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and holding that it should not be employed "when his unexhausted claims are plainly meritless." *Rhines,* 544 U.S. at 277.

However, in *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006), decided after *Rhines,* the Ninth Circuit expressly declined to extend the rule in *Rhines* to petitions containing only unexhausted claims. *Id.* "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." *Rasberry,* 448 F.3d at 1154.

Similarly, the *Kelly/King* stay procedure, while not requiring a showing of good cause, is unavailable here because it requires the voluntary dismissal of the unexhausted claims, which would leave no claims remaining in this petition. *King,* 564 F.3d at 1140.

## IV.   Order

For the reasons discussed above, Respondent's motion to dismiss the petition for failure to exhaust is granted, and the petition is DISMISSED without prejudice.

//

//

//

8

**V.    Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  Petitioner cannot make a colorable claim that jurists of reason would find debatable or wrong the decision dismissing the petition as unexhausted. Therefore, a certificate of appealability is DENIED.

March 16, 2012

Marc L. Goldman
United States Magistrate Judge